IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.P. MØLLER - MAERSK A/S, TRADING AS MAERSK LINE and MAERSK LINE A/S, Plaintiffs | § § § § | |
| VS. | § § | C.A. NO. 4:16-cv-1565 Admiralty - Rule 9(h) |
| SAMRAT CONTAINER LINES, INC. Defendant | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs A.P. Møller - Maersk A/S, trading as Maersk Line and Maersk Line A/S ("Plaintiffs" or "Maersk") file their Original Complaint against Defendant Samrat Container Lines, Inc. ("Samrat"), and respectfully would show as follows:

### I.

### JURISDICTION

1. This action arises out of charges incurred by Samrat related to maritime contracts issued for carriages of cargoes to the United States from foreign ports, or to foreign ports from the United States. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. § 1333(1). Maersk designates this as an admiralty claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative, this Court has original alienage jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because this is a suit between foreign plaintiffs and a United States citizen and the amount in controversy exceeds $75,000.00.

II.

**PARTIES AND SERVICE OF PROCESS**

2.	Plaintiffs are Danish corporations with their principal place of business at Esplanaden 50, DK 1098 and 1263 Copenhagen K, Denmark, that specialize in the transportation of containerized ocean cargo. Plaintiffs bring this action on their own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may appear, and Plaintiffs are entitled to maintain this action.

3.	Defendant Samrat Container Lines, Inc. is a New Jersey corporation with its principal place of business at 10 Corporate Place South, Piscataway, New Jersey 08854. SAMRAT is not authorized to do business within the State of Texas but, at all times material, did business in Texas as an NVOCC, freight forwarder, and/or logistics provider, entering into service contracts and/or other contracts of carriage which were performable in whole or in part in Texas and/or in the United States as a whole, each of which constitutes doing business in Texas under Section 17.042 of the Texas Civil Practice & Remedies Code. Samrat has no office, officers, directors, or registered agents within the District. According to the New Jersey Secretary of State, it may be served at through its registered agent for service of process, Satish V. Anchan, at 10 Corporate Place South, Piscataway, New Jersey 08854. Plaintiff will also seek Waiver of Service.

III.

**FACTS**

4.	Plaintiffs are worldwide shipping companies providing containerized shipping services to and from the United States and other countries.

5. Defendant Samrat is an ocean shipping and logistics company operating in multiple countries. In the United States, Samrat is a Non-Vessel Operating Common Carrier ("NVOCC") licensed by the Federal maritime Commission that books and facilitates the import and export of ocean cargoes.

6. On various dates, more fully described in the attached statement of account and invoices (Appendix 1), charges were incurred by Samrat related to cargoes shipped to and from the United States, as is more fully described in the invoices attached to Appendix 1, and the bills of lading referenced in those invoices. A series of forty-five (45) invoices were issued to Samrat in connection with various charges related to shipments described in the invoices, and the bills of lading referenced on the invoices. These forty-five (45) invoices have not been paid, despite due demand. The current amount owing and due on these invoices is $124,333.79.

7. As a result of the unpaid sums not being paid by Samrat, a lawsuit was filed in Tarrant County, Texas. The lawsuit was voluntarily dismissed by agreement of the parties so that this lawsuit could be filed.

## IV.

## **BREACH OF CONTRACT**

8. Paragraphs 1 - 7 are incorporated by reference as though fully set forth herein.

9. Defendant has failed to pay the attached invoices, and has otherwise failed to comply with the terms of the invoices, the bills of lading referenced in the invoices, and the applicable tariff. The failure of Defendant to pay is a material breach of its payment obligations under the contract(s), causing direct damage to the Plaintiffs in the amount of at least $124,333.79.

10.  After allowance of all just and lawful offsets, payments and credits to Defendant's account, a balance in the amount of at least $124,333.79 remains outstanding as unpaid, and is owing an due because Defendant has failed or otherwise refused to pay any part thereof.  Plaintiffs seek to recover all sums owing and due, or that become owing and due under the account between the time of the filing of this Complaint and trial.

## V.

## ATTORNEY'S FEES

11.  Paragraphs 1 - 10 are incorporated by reference as though fully set forth herein.

12.  Because Defendant has failed to pay to Plaintiffs the amounts owing and due, as more fully described above, Plaintiffs have had to place this matter into the hands of attorneys for collection.  Defendant thus has become liable to Plaintiffs for attorney's fees pursuant to Article 38.001 of the Texas Civil Practice and Remedies Code, or as is otherwise provided for in the law, for which Plaintiffs seek recovery from Defendant, to the extent allowed.

## VI.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

13.  Plaintiffs additionally would show that they are entitled to pre-judgment interest as part of their damages herein, and Plaintiffs specifically sue for recovery of pre-judgment interest, as well as post-judgment interest, both as provided by law and equity.

## VII.

## CONDITIONS PRECEDENT

14.  All conditions precedent have been performed or have occurred.

## VIII.

## DAMAGES

15. As a result of the Defendant's breaches of the governing contract(s), Plaintiffs directly and proximately have sustained damages of at least $124,333.79, demand for which has been made upon Defendant and which remains unpaid and accruing as of the filing of this suit. These damages being claimed in this lawsuit are more fully set forth in Appendix 1 attached, which is expressly incorporated herein.

## IX.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs A.P. Møller - Maersk A/S, trading as Maersk Line and Maersk Line A/S respectfully request that:

A. They have judgment against Defendant in an amount to be shown at trial of this matter of at least $124,333.79, plus pre-judgment interest, post-judgment interest, costs, and attorney's fees;

B. Defendant Samrat Container Lines, Inc. be cited to appear and answer in this matter; and

C. They have such other and further relief as justice and equity allow.

Respectfully submitted,

By: */s/ Richard L. Gorman*
    Richard L. Gorman
    State Bar No. 00784155
    Fed. I.D. 15685
    12335 Kingsride Lane #354
    Houston, Texas 77024-4116
    Telephone: (832) 725-4026
    Email: rg@richardgormanlaw.com
    Attorney-in-Charge for Plaintiff A.P.
    Møller - Maersk A/S, trading as Maersk Line
    and Maersk Line A/S

OF COUNSEL:

RICHARD GORMAN LAW

01795/Complaint.06.03.16